## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LABORERS' PENSION FUND and                )
LABORERS' WELFARE FUND OF THE             )
HEALTH AND WELFARE DEPARTMENT             )
OF THE CONSTRUCTION AND GENERAL           )
LABORERS' DISTRICT COUNCIL OF             )
CHICAGO AND VICINITY, THE CHICAGO         )
LABORERS' DISTRICT COUNCIL RETIREE        )
HEALTH AND WELFARE FUND, and              )
CATHERINE WENSKUS, Administrator of the   )
Funds,                                    )
                                          )
                    Plaintiffs,           )        Case No.  18 cv 945
                                          )
        v.                                )
                                          )
ACCU FLOW FLOORS, INC.., an Illinois      )
corporation,                              )
                                          )
                    Defendant.            )

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and

Welfare Department of the Construction and General Laborers' District Council of Chicago and

Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund, and Catherine

Wenskus Administrator of the Funds (hereinafter collectively "Funds"), by their attorneys,

Patrick T. Wallace, Jerrod Olszewski, Amy Carollo, Kate Mosenson, Kelly Burtzlaff, and G.

Ryan Liska, for their Complaint against Defendant Accu Flow Floors, Inc., an Illinois

corporation, state as follows:

## COUNT I

**(Failure To Pay Benefit Contributions Revealed as Delinquent Pursuant to an Audit)**

1.        Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2.        Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.        The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4.        Plaintiff Catherine Wenskus ("Wenskus") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

2

5.     Defendant Accu Flow Floors, Inc., (hereinafter "Company"), does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.     The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2013 ("Agreement"). (A copy of the Company's Assignment of Collective Bargaining Rights executed by the Company which adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

7.     The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Midwest Construction Industry Advancement Fund (the "MCIAF"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LCDMC"), the CARCO Industry Advancement Fund ("CARCO"), the Underground Contractors Association ("UCA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those funds.

8.     The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the

3

Agreement, and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreements and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement, and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

9.  The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.  The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

11.  An audit of Company's books and records for the time period of August 1, 2015 through August 31, 2017 revealed that Company performed covered work during the audit period, but that notwithstanding the obligations imposed by the Agreement, and the Funds' respective Agreements and Declarations of Trust, Company has:

(a)  failed to report and pay contributions in the amount of $4,730.45 owed to Plaintiff Laborers' Pension Fund for the audit period of August 1, 2015 through August 31, 2017, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)  failed to report and pay contributions in the amount of $4,056.04 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for

the period of August 1, 2015 through August 31, 2017, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to report and pay contributions in the amount of $1,737.26 owed to Plaintiff Chicago Laborers' District Council Retiree Health and Welfare Fund for the period of August 1, 2015 through August 31, 2017, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)     failed to report and pay contributions in the amount of $202.25 owed to Laborers' Training Fund for the period of August 1, 2015 through August 31, 2017, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(e)     failed to report and pay contributions in the amount of $197.73 owed to Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC") for the audit period of August 1, 2015 through August 31, 2017, thereby depriving the LDCLMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(f)     failed to report and pay contributions in the amount of $93.04 owed to Chicago Area Independent Construction Association ("CAICA") for the audit period of August 1, 2015 through August 31, 2017, thereby depriving the LDCLMCC of

contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

(g)     failed to report and pay contributions in the amount of $81.43 owed to Laborers' Employers' Cooperation and Education Trust ("LECET") for the audit of August 1, 2015 through August 31, 2017, thereby depriving the LECET of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

A true and accurate copy of the audit and audit summary sheet are attached hereto as Exhibits B and C respectively.

12.     Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, Company owes liquidated damages plus interest on all unpaid contributions revealed by the audit for the period of August 1, 2015 through August 31, 2017.

13.     Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, Company is liable for the costs of any audit which reveals unpaid contributions. Accordingly, Company owed the Funds $1,503.65 in audit costs for the audit for the period of August 1, 2015 through August 31, 2017. See Exhibit C.

14.     Company's actions in failing to submit payment upon the audit to which it submitted its books and records violate Section 515 of ERISA, 29 U.S.C. §1145.

15.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust Agreements, Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, and reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Accu Flow Floors, Inc.:

a.       entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of August 1, 2015 through August 31, 2017, including contributions, interest, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b.       awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure to Pay Union Dues Revealed as Delinquent Pursuant to an Audit)

16.       Plaintiffs reallege paragraphs 1 through 15 of Count I as though fully set forth herein.

17.       Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

18.       Notwithstanding the obligations imposed by the Agreement, Company performed covered work during the audit period of August 1, 2015 through August 31, 2017, and Company failed to withhold and/or submit payment of $2,141.67 in union dues that were or should have been withheld from the wages of employees for the period of August 1, 2015 through August 31, 2017, thereby depriving the Union of information and income. *See* Exhibits B and C.

19.       Pursuant to the Agreement, Company owes liquidated damages on all late or unpaid dues as revealed by the audit for the period of August 1, 2015 through August 31, 2017,

plus audit costs, interest and reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Accu Flow Floors, Inc.:

a.      entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of August 1, 2015 through August 31, 2017, including dues, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT III

### (Failure to Submit Reports and Pay Employee Benefit Contributions)

20.      Plaintiffs reallege paragraphs 1 through 15 of Count I as though fully set forth herein.

21.      Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)      failed to submit reports and/or pay all contributions to Plaintiff Laborers' Pension Fund for September 2017, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to submit reports and/or pay all contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for September 2017, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to submit reports and/or pay all contributions to Chicago Laborers' District Council Retiree Health and Welfare Fund for September 2017, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)     failed to submit reports and/or pay all contributions to Laborers' Training Fund for September 2017, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(e)     failed to submit reports and/or pay all contributions owed to one or more of the other affiliated funds identified in paragraph 7 above for September 2017, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

22.     The Company's actions in failing to submit timely reports and contributions and obtaining and maintaining a surety bond violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

23.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid

contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Accu Flow Floors, Inc. as follows:

a.   ordering the Company to submit benefit reports and pay all contributions for September 2017 and to submit to an audit upon demand;

b.   entering judgment in sum certain against Defendant Company on the amounts due and owing as pled in the Complaint, and pursuant to the amounts revealed as owing pursuant to the September 2017 report, if any, and audit if any, including contributions, interest, liquidated damages, audit costs, and attorneys' fees and costs; and

d.   awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

## COUNT IV

### (Failure to Submit Reports and Pay Union Dues)

24.   Plaintiffs reallege paragraphs 1 through 15 of Count I and Paragraphs 16 and 17 of Count II as though fully set forth herein.

25.   Dues reports and contributions are due by the 10th day following the month in which the work was performed.  Dues reports and contributions which are not submitted in a timely fashion are assessed liquidated damages.

26.   Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust the Company failed to submit Union dues

reports and dues that were or should have been withheld from the wages of its employees performing covered work for the period of June 2017 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

27. Pursuant to the Agreement and Federal Common Law, the Company is liable to the Funds for the unpaid Union dues, as well as liquidated damages, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Accu Flow Floors, Inc. as follows:

a. ordering the Company to submit dues reports and pay all dues for the time period of June 2017 forward;

b. ordering the Company to submit its books and records to an audit upon demand to determine dues contributions compliance;

c. entering judgment in sum certain against the Company on the amounts due and owing pursuant to the June 2017 forward dues reports, and on any amounts found due and owing pursuant to the audit, including dues, interest, liquidated damages, accumulated liquidated damages, and attorneys' fees and costs; and

d. awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

February 5, 2018                                    Laborers' Pension Fund, et al.

                                                   By: /s/ Amy Carollo
                                                        Amy Carollo

Amy Carollo
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540



# CONSTRUCTION & GENERAL LABORERS'
## DISTRICT COUNCIL OF CHICAGO AND VICINITY

### AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA

999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between **Accu Flow Floors** ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and its respective geographic area of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** In response to the Union's request for recognition as the majority or Section 9(a) representative of the unit employees, the Employer recognizes the Union as the sole and exclusive collective bargaining representative under Section 9(a) of the NLRA, as amended, for its employees now and hereinafter employed under the terms of this Agreement with respect to wages, hours and other terms and conditions of employment. This recognition is based on the Union's having shown, or having offered to show, evidence of its majority support. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association during the term of this Agreement or any extension hereof, without written approval from the Union. The Employer shall abide by this Agreement, and all extensions hereof, provided that it employs at least one Laborer at any time during the term of this Agreement or the term of any extension hereof.

2. **Labor Contract.** The Employer affirms and accepts the applicable Collective Bargaining Agreements(s), as designated by the Union, between the Union and the Builders Association, the Chicago Area Independent Construction Association, the Chicago Area Job Contractors Association, the Fox Valley Associated General Contractors, the Underground Contractors Association, the Concrete Contractors Association of Greater Chicago, the Contractors Association of Will and Grundy Counties, the Mechanical Contractors Association, the Illinois Environmental Contractors Association, the Drivit Road and Transportation Builders Association, the Illinois Small Pavers Association, the Lake County Contractors Association, the Illinois Concrete and Aggregate Producers Association, the Mason Contractors Association of Greater Chicago, the Underground Contractors Association and all other employer associations with whom the Union or its affiliated Local Unions have an agreement. If the applicable Collective Bargaining Agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a successor labor agreement has been established, which shall be incorporated retroactively herein. This Agreement incorporates all economic terms in the applicable Collective Bargaining Agreement(s).

3. **Total economic increase.** The Employer shall pay its employees a total economic increase of $1.75 per hour effective June 1, 2010, $1.80 per hour effective June 1, 2011, and $1.85 per hour effective June 1, 2012, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion. Effective June 1, 2010, the minimum wage rate shall be $36.20 per hour.

4. **Checkoff Deductions and Remittances.** The Employer shall deduct from the wages of employees uniform initiation fees, assessments, membership dues, and working dues in such amounts as the Union shall from time to time establish, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' Social Security numbers and the amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which such deductions were made. If the Employer fails to timely remit any amounts to the Union or its affiliated fringe benefit funds that are required under this Agreement, it shall be obligated to the Union for all costs of collection, including attorney fees.

The Employer shall further deduct an amount designated by the Union for each hour that an employee receives wages under the terms of this Agreement on the basis of individually signed voluntary authorized deduction forms and shall pay over the amount so deducted to the Laborers' Political League ("LPL") or to a designated appointee, not later than the 10th day of the month next following the month for which such deductions were made. LPL remittances shall include a report of the hours worked by each Laborer for whom deductions are made. Remittances shall be made by a separate check payable to the Laborers' Political League. The Employer shall be paid a processing fee each month from the total amount to be transmitted to the LPL to be calculated at the Illinois Department of Revenue standard.

5. **Work Jurisdiction.** This Agreement covers all work within the applicable Collective Bargaining Agreements and all work within the Union's trade and geographic jurisdiction as set forth in the Union's Statement of Jurisdiction, as amended from time to time, which are incorporated by reference in this Agreement. The Employer agrees that all work described herein to its Union represented Laborer employees and acknowledges the appropriateness of such assignment. Neither the Employer nor its work assignments are required under this Agreement shall be disputed or otherwise subject to adjustment by any jurisdictional disputes board or mechanism, except when written notice by and direction of the Union.

6. **Subcontracting.** The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any covered work to or on the site of construction, alteration, repair of a building, structure or other work to any person, corporation or entity not signatory to and bound by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. The Employer shall further assume the obligations of all tiers of its subcontractors for payment of employees' wages and other benefits incurred under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

7. **Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Welfare and Pension Funds of the Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers-Employers Cooperation Education Trust, the LECA HCIF, and to all other designated Union affiliated benefit and labor management funds (the "Funds"), and to become bound by and be considered a party to the agreements and declarations of trust creating the Funds as if had signed the original copies of the trust instruments and amendments thereto. The Employer hereby affirms that all prior contributions paid to the Welfare, Pension, Training and other Funds were made by duly authorized agents of the Employer at all proper rates, and ratifies the Employer's intent to be bound by the trust agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable collective bargaining agreements.

8. **Contract Enforcement.** All grievances filed by either party solely hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee, provided that submitted grievances shall be submitted to final and binding arbitration upon timely demand. Should the Employer fail to comply within the ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary herein and in the Union's right to strike or otherwise in enforcement and non-payment of wages or fringe benefits contributions, failure by the Employer to timely remit dues to the Union, or non-compliance with a binding grievance award, the Employer's violation of any provision of this paragraph will give the Union the right to take any other legal and economic action, including but not limited to strike action at law or equity. It is expressly understood and agreed that the Union's right to take economic action in addition to, and not in lieu of, its right under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the work force at its job site.

9. **Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or operation, it is agreed that, as a condition of such sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days' prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2010 (unless dated differently herein) through May 31, 2013, and shall continue thereafter unless either party has been given written notice, by certified mail by either party hereto, received no less than sixty (60) and no more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such timely and proper notice the Employer and the Union agree to be bound by the new applicable collective agreement(s), incorporating them into this Agreement and extending this Agreement for the life of a newly negotiated agreement, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given and less than sixty (60) nor more than ninety (90) days prior to the expiration of such successive Collective Bargaining Agreement.

11. **Execution.** The signatory below warrants by their receipt of the applicable Collective Bargaining Agreement(s) and authorization from the Employer to execute this Agreement, with evidence or duress, and with full knowledge of the obligations and undertakings contained herein. The parties acknowledge and accept the said signatures on this Agreement as if they were the original signatures.

Dated: _Sept. 21_, 20_11_

ACCEPTED:

Laborers' Local Union No. _____

By: _____

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _____
James Connolly, Business Manager

By: _____
Charles LoVerde, Secretary-Treasurer

For Office Use Only: **CAJCA-X**

FOR Mo.: _____

**Accu Flow Floors**

By: _Jim Newman President_
(Print Name and Title)

_Jim Newman_
(Signature)

_28 W046 Commercial Ave_
(Address)

_Bartlett, IL 60010_
(City, State and Zip Code)

_817-384-_____
(Telephone/Fax)

Effective June 1, 2010      WHITE - LOCAL UNION   •   CANARY - TRUST FUND   •   PINK - DISTRICT COUNCIL   •   GOLD - EMPLOYER



**EXHIBIT A**

ACCU FLOW FLOORS, INC.
20W066 COMMERCIAL AVE.
BARRINGTON, IL 60010

EMPLOYER #35229

AUGUST 1, 2015 – AUGUST 31, 2017





O'HARE PLAZA
8745 West Higgins Road    TEL (312) 263-2700
Suite 200                 FAX (312) 263-6935
Chicago, Illinois 60631   www.BK-CPA.COM

November 27, 2017

Board of Trustees
Pension and Welfare Funds of Construction and General
    Laborers' District Council of Chicago and Vicinity
11465 Cermak Rd.
Westchester, IL 60154

We have applied certain procedures, as discussed below, to the payroll records of Accu Flow Floors, Inc., a contributing employer to the Pension and Welfare Funds of Construction and General Laborers' District Council of Chicago and Vicinity, for the period August 1, 2015 to August 31, 2017. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreement in effect and with the Trust Agreement of the Fund. The propriety of the contributions is the responsibility of the employer's management.

Our procedures generally include a review of the pertinent provisions of the collective bargaining agreements and comparing underlying employer payroll records to Fund contribution records. The employer records we review may include payroll journals, individual earnings records, payroll tax returns, contribution reports, job classifications, and general disbursement records. The scope of this engagement is limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Fund. Any compensation paid to employees not disclosed to us or made part of the written record is not determinable by us and is not included in our review. Any findings are not based upon observations of employees doing actual work.

Our procedures relate to a review of the employer's payroll records only and do not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

The exceptions to employer contributions are noted on the accompanying report.

-2-

The findings of this report should not be construed as an endorsement or ratification of any of the company's contribution practices. The finding is based solely on those documents that the employer provided to the auditors. This firm has not been retained to provide, and does not provide, any interpretation or advice concerning any terms of the collective bargaining agreement between the company and the Union or the terms of the Funds' respective Agreement and Declarations of Trust. All questions concerning the company's contribution practices, or any contributions or benefits-related issue, should be directed to the Union or the Fund office. No failure to note an exception to any of the employer's contribution practices should be construed as a ratification of such practice or waiver of the Union or the Funds' ability to challenge such practice in the future.

This report is not a determination of withdrawal liability owed under the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. Section 1101, et al.

*Bansley and Kiener, L.L.P.*

BANSLEY and KIENER, L.L.P.
Certified Public Accountants

# Laborers' District Council

## Reconciliation of Differences Per Year

| Fiscal Year Ending | 5-31 2016 | 5-31 2017 | 5-31 2018 | Total Due |
|---|---|---|---|---|
| Fringe Hours Not Reported | 40.00 | 252.00 | 112.50 | 404.50 |
| Dues Hours Not Reported | 40.00 | 252.00 | 871.00 | 1,163.00 |
| Wages Not Reported | 1,568.00 | 17,000.05 | 38,542.90 | 57,110.95 |
| **Dollar Amount Due** | | | | |
| Welfare | 399.20 | 2,514.96 | 1,141.88 | 4,056.04 |
| Retiree Welfare Prefunding | 160.00 | 1,071.01 | 506.25 | 1,737.26 |
| Pension | 428.80 | 2,915.65 | 1,386.00 | 4,730.45 |
| Training | 20.00 | 126.00 | 56.25 | 202.25 |
| CAICA | 3.20 | 20.16 | 69.68 | 93.04 |
| LECET | 2.80 | 17.65 | 60.98 | 81.43 |
| LMCC | 6.80 | 42.85 | 148.08 | 197.73 |
| Working Dues | 58.80 | 637.51 | 1,445.36 | 2,141.67 |
| **Total** | 1,079.60 | 7,345.79 | 4,814.48 | 13,239.87 |

| | |
|---|---|
| Plus previous late charges assessed by Laborers' Pension and Welfare Funds | 2,045.67 |
| Plus previous underpayments incurred to Laborers' District Council Funds | 0.00 |
| Plus previous penalties incurred to Laborers' District Council Funds | 0.00 |
| Audit Fee | 1,503.65 |
| Total Amount Due | 16,789.19 |

| | | | |
|---|---|---|---|
| Employer Name - | ACCU FLOW FLOORS, INC. | Person Contacted - | TIM NEWMAN |
| Employer - | 35229 | Date of Contact - | JUNE 23, 2017 |
| Date of Audit - | SEPTEMBER 14, 2017 | Telephone - | 847-304-9523 |
| Audit Period - | AUGUST 1, 2015 - AUGUST 31, 2017 | Auditor - | NICHOLAS SADOFSKY |

3

# Laborers' District Council
### Reconciliation Between Actual and Reported Hours

| SS# | Name | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 2015 | | | | | | | 2016 | | | |
| | CASTRO, DANIEL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 40.00 |
| | Total | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 40.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $9.98 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 399.20 | 399.20 |
| Reduce Welfare Prefunding | $4.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 160.00 | 160.00 |
| Pension | $10.72 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 428.80 | 428.80 |
| Training | $0.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | 20.00 |
| CAICA | $0.08 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3.20 | 3.20 |
| LECET | $0.07 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.80 | 2.80 |
| LMCC | $0.17 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6.80 | 6.80 |
| Working Dues | 3.75% | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 58.80 | 58.80 |
| Total | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,079.60 | 1,079.60 |

Employer Name - ACCU FLOW FLOORS, INC.

Employer - 35229

Date of Audit - SEPTEMBER 14, 2017

Audit Period - AUGUST 1, 2015 - AUGUST 31, 2017

Person Contacted - TIM NEWMAN

Date of Contact - JUNE 23, 2017

Telephone - 847-304-9523

Auditor - NICHOLAS SADOFSKY

# Laborers' District Council

## Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | 2015 Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | 2016 Mar | Apr | May | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | CASTRO, DANIEL | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,568.00 | 1,568.00 |
|  | Total | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,568.00 | 1,568.00 |

Rate - 3.75% of gross wages

| Dues | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 58.80 | 58.80 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Employer Name - | ACCU FLOW FLOORS, INC. | Person Contacted - | TIM NEWMAN |
|---|---|---|---|
| Employer - | 35229 | Date of Contact - | JUNE 23, 2017 |
| Date of Audit - | SEPTEMBER 14, 2017 | Telephone - | 847-304-9523 |
| Audit Period - | AUGUST 1, 2015 - AUGUST 31, 2017 | Auditor - | NICHOLAS SADOFSKY |

5

# Laborers' District Council

## Reconciliation Between Actual and Reported Hours

| SS# | Name | Rate | 2016 | | | | | | | 2017 | | | | | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| | ACEVEDO, JOSE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | CASTRO, DANIEL | | 0.00 | 41.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3.00 | 0.00 | 0.00 | 0.00 | 43.00 | 87.50 |
| | CASTRO, GUSTAVO | | 0.00 | 73.50 | 42.50 | 0.00 | 6.50 | 0.00 | 0.00 | 0.00 | 0.00 | 1.00 | 0.00 | 41.00 | 164.50 |
| | CASTRO, SANDRO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | Total | | 0.00 | 115.00 | 42.50 | 0.00 | 6.50 | 0.00 | 0.00 | 3.00 | 0.00 | 1.00 | 0.00 | 84.00 | 252.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $9.98 | 0.00 | 1,147.70 | 424.15 | 0.00 | 64.87 | 0.00 | 0.00 | 29.94 | 0.00 | 9.98 | 0.00 | 838.32 | 2,514.96 |
| Retiree Welfare Prefunding | $4.25 | 0.00 | 488.75 | 180.63 | 0.00 | 27.63 | 0.00 | 0.00 | 12.75 | 0.00 | 4.25 | 0.00 | 357.00 | 1,071.01 |
| Pension | $11.57 | 0.00 | 1,330.55 | 491.73 | 0.00 | 75.21 | 0.00 | 0.00 | 34.71 | 0.00 | 11.57 | 0.00 | 971.88 | 2,915.65 |
| Training | $0.50 | 0.00 | 57.50 | 21.25 | 0.00 | 3.25 | 0.00 | 0.00 | 1.50 | 0.00 | 0.50 | 0.00 | 42.00 | 126.00 |
| CAICA | $0.08 | 0.00 | 9.20 | 3.40 | 0.00 | 0.52 | 0.00 | 0.00 | 0.24 | 0.00 | 0.08 | 0.00 | 6.72 | 20.16 |
| LECET | $0.07 | 0.00 | 8.05 | 2.98 | 0.00 | 0.46 | 0.00 | 0.00 | 0.21 | 0.00 | 0.07 | 0.00 | 5.88 | 17.65 |
| LMCC | $0.17 | 0.00 | 19.55 | 7.23 | 0.00 | 1.11 | 0.00 | 0.00 | 0.51 | 0.00 | 0.17 | 0.00 | 14.28 | 42.85 |
| Working Dues | 3.75% | 6.78 | 237.43 | 105.53 | 0.00 | 35.63 | 6.04 | 29.77 | 34.30 | 21.48 | 2.26 | 14.32 | 143.97 | 637.51 |
| Total | | 6.78 | 3,298.73 | 1,236.90 | 0.00 | 208.68 | 6.04 | 29.77 | 114.16 | 21.48 | 28.88 | 14.32 | 2,380.05 | 7,345.79 |

| | |
|---|---|
| Employer Name - ACCU FLOW FLOORS, INC. | Person Contacted - TIM NEWMAN |
| Employer - 35229 | Date of Contact - JUNE 23, 2017 |
| Date of Audit - SEPTEMBER 14, 2017 | Telephone - 847-304-9523 |
| Audit Period - AUGUST 1, 2015 - AUGUST 31, 2017 | Auditor - NICHOLAS SADOFSKY |

6

# Laborers' District Council

### Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | 2016 | | | | | | | 2017 | | | | | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| | ACEVEDO, JOSE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 32.40 | 0.00 | 0.00 | 0.00 | 32.40 |
| | CASTRO, DANIEL | 90.45 | 2,522.55 | 562.80 | 0.00 | 444.75 | 130.65 | 713.55 | 794.00 | 301.50 | 0.00 | 241.20 | 2,030.10 | 7,831.55 |
| | CASTRO, GUSTAVO | 90.45 | 3,808.95 | 2,251.20 | 0.00 | 505.30 | 30.35 | 80.40 | 120.60 | 174.05 | 60.30 | 140.70 | 1,809.00 | 9,071.30 |
| | CASTRO, SANDRO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 64.80 | 0.00 | 0.00 | 0.00 | 64.80 |
| | Total | 180.90 | 6,331.50 | 2,814.00 | 0.00 | 950.05 | 161.00 | 793.95 | 914.60 | 572.75 | 60.30 | 381.90 | 3,839.10 | 17,000.05 |

Rate - 3.75% of gross wages

| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | | 6.78 | 237.43 | 105.53 | 0.00 | 35.63 | 6.04 | 29.77 | 34.30 | 21.48 | 2.26 | 14.32 | 143.97 | 637.51 |

| | |
|---|---|
| Employer Name - ACCU FLOW FLOORS, INC. | |
| Employer - | 35229 |
| Date of Audit - | SEPTEMBER 14, 2017 |
| Audit Period - | AUGUST 1, 2015 - AUGUST 31, 2017 |

| | |
|---|---|
| Person Contacted - | TIM NEWMAN |
| Date of Contact - | JUNE 23, 2017 |
| Telephone - | 847-304-9523 |
| Auditor - | NICHOLAS SADOFSKY |

7

# Laborers' District Council

## Reconciliation Between Actual and Reported Hours - Totals

| Totals | Rate | 2017 | | | | | | | 2018 | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| TOTAL FRINGE HOURS | | 112.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 112.50 |
| TOTAL DUES HOURS | | 319.50 | 250.00 | 301.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 871.00 |
| TOTAL WAGES | | 13,936.20 | 10,897.40 | 13,709.30 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 38,542.90 |
| Welfare | $10.15 | 1,141.88 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,141.88 |
| Retiree Welfare Prefunding | $4.50 | 506.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 506.25 |
| Pension | $12.32 | 1,386.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,386.00 |
| Training | $0.50 | 56.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 56.25 |
| CAICA | $0.08 | 25.56 | 20.00 | 24.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 69.68 |
| LECET | $0.07 | 22.37 | 17.50 | 21.11 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 60.98 |
| LMCC | $0.17 | 54.32 | 42.50 | 51.26 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 148.08 |
| Working Dues | 3.75% | 522.61 | 408.65 | 514.10 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,445.36 |
| Total | | 3,715.24 | 488.65 | 610.59 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,814.48 |

| | |
|---|---|
| Employer Name - ACCU FLOW FLOORS, INC. | Person Contacted - TIM NEWMAN |
| Employer - 35229 | Date of Contact - JUNE 23, 2017 |
| Date of Audit - SEPTEMBER 14, 2017 | Telephone - 847-304-9523 |
| Audit Period - AUGUST 1, 2015 - AUGUST 31, 2017 | Auditor - NICHOLAS SADOFSKY |

8

# Laborers' District Council

## Reconciliation Between Actual and Reported Hours - Welfare, Retiree Welfare Prefunding, Pension, & Training Funds

| SS# | Name | Rate | 2017 Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | 2018 Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | CASTRO, DANIEL | | 34.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 34.00 |
| | CASTRO, GUSTAVO | | 78.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 78.50 |
| | Total | | 112.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 112.50 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $10.15 | 1,141.88 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,141.88 |
| Retiree Welfare Prefunding | $4.50 | 506.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 506.25 |
| Pension | $12.32 | 1,386.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,386.00 |
| Training | $0.50 | 56.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 56.25 |
| Total | | 3,090.38 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,090.38 |

Employer Name - ACCU FLOW FLOORS, INC.

Employer - 35229

Date of Audit - SEPTEMBER 14, 2017

Audit Period - AUGUST 1, 2015 - AUGUST 31, 2017

Person Contacted - TIM NEWMAN

Date of Contact - JUNE 23, 2017

Telephone - 847-304-9523

Auditor - NICHOLAS SADOFSKY

# Laborers' District Council

## Reconciliation Between Actual and Reported Hours - CAICA, LECET, & LMCC Funds

| SS# | Name | Rate | 2017 Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | 2018 Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | CASTRO, DANIEL | | 185.50 | 140.50 | 172.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 478.00 |
| | CASTRO, GUSTAVO | | 154.00 | 109.50 | 129.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 393.00 |
| | Total | | 319.50 | 250.00 | 301.50 | | | | | | | | | | 871.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CAICA | $0.08 | 25.56 | 20.00 | 24.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 69.68 |
| LECET | $0.07 | 22.37 | 17.50 | 21.11 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 60.98 |
| LMCC | $0.17 | 54.32 | 42.50 | 51.26 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 148.08 |
| Working Dues | 3.75% | 522.61 | 408.65 | 514.10 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,445.36 |
| Total | | 624.86 | 488.65 | 610.59 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,724.10 |

Employer Name - ACCU FLOW FLOORS, INC.

Employer - 35229

Date of Audit - SEPTEMBER 14, 2017

Audit Period - AUGUST 1, 2015 - AUGUST 31, 2017

Person Contacted - TIM NEWMAN

Date of Contact - JUNE 23, 2017

Telephone - 847-304-9523

Auditor - NICHOLAS SADOFSKY

10

# Laborers' District Council

## Reconciliation Between Actual and Reported Gross Wages

| SS# | Name | | 2017 | | | | | | | | | 2018 | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Wages |
| | CASTRO, DANIEL | 7,255.60 | 6,210.90 | 7,910.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 21,376.90 |
| | CASTRO, GUSTAVO | 6,680.60 | 4,686.50 | 5,798.90 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 17,166.00 |
| | Total | 13,935.20 | 10,897.40 | 13,709.30 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 38,542.90 |

Rate - 3.75% of gross wages

| Dues | 522.61 | 408.65 | 514.10 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,445.36 |

Employer Name - ACCU FLOW FLOORS, INC.

Employer - 35229

Date of Audit - SEPTEMBER 14, 2017

Audit Period - AUGUST 1, 2015 - AUGUST 31, 2017

Person Contacted - TIM NEWMAN

Date of Contact - JUNE 23, 2017

Telephone - 847-304-9523

Auditor - NICHOLAS SADOFSKY

11

1/17/18

# LABORERS' PENSION & WELFARE FUNDS

**AUDIT**

**EMPLOYER**   ACCU FLOW FLOORS, INC.    **CODE**   3S229

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

8-1-15 - 8-31-17

| ADDITIONAL HOURS | HOURS | WELFARE | RATE | RETIREE WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | CAICA | RATE | LECET | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8-1-15 - 5-31-16 | 40.00 | 399.20 | 9.98 | 160.00 | 4.00 | 428.80 | 10.72 | 20.00 | 0.50 | 58.80 | 6.80 | 0.17 | 3.20 | 0.08 | 2.80 | 0.07 | 1,079.60 |
| 6-1-16 - 5-31-17 | 252.00 | 2,514.96 | 9.98 | 1,071.00 | 4.25 | 2,915.65 | 11.57 | 126.00 | 0.50 | 637.51 | 42.85 | 0.17 | 20.16 | 0.08 | 17.65 | 0.07 | 7,345.79 |
| 6-1-17 - 8-31-17 | 112.50 | 1,141.88 | 10.15 | 506.25 | 4.50 | 1,386.00 | 12.32 | 56.25 | 0.50 | | | | | | | | 3,090.38 |
| 6-1-17 - 8-31-17 | 871.00 | | | | | | | | | 1,445.36 | 148.08 | 0.17 | 69.68 | 0.08 | 60.98 | 0.07 | 1,724.10 |
| **SUBTOTAL** | 1,275.50 | 4,056.04 | | 1,737.26 | | 4,730.45 | | 202.25 | | 2,141.67 | 197.73 | | 93.04 | | 81.43 | | 13,239.87 |
| 10% LIQUIDATED DAMAGES | | | | | | | | | | 214.17 | 19.77 | | 9.30 | | 8.14 | | 251.38 |
| 20% LIQUIDATED DAMAGES | | 811.21 | | 347.45 | | 946.09 | | 40.45 | | | | | | | | | 2,145.20 |
| AUDIT COSTS | | 375.91 | | 375.91 | | 751.83 | | | | | | | | | | | 1,503.65 |
| ATTORNEY FEES | | | | | | | | | | | | | | | | | |
| ACCUM. LIQUIDATED DAMAGES | | 769.87 | | 341.33 | | 934.47 | | | | | | | | | | | 2,045.67 |
| ACCUM. INTEREST | | 426.49 | | 180.71 | | 491.06 | | 21.32 | | | 11.60 | | 5.46 | | 4.78 | | 1,141.42 |
| **TOTAL DUE** | | 6,439.52 | | 2,982.66 | | 7,853.90 | | 264.02 | | 2,355.84 | 229.10 | | 107.80 | | 94.35 | | 20,327.19 |



EXHIBIT